# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO RUIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>A. ENENMOH,<br><br>        Defendant.<br>_____/ | CASE NO. 1:12-cv-00352-SKO PC<br><br>Kings County Superior Court<br>Case No. 11 CV 1514<br><br>ORDER GRANTING MOTION FOR REMAND AND REMANDING ACTION TO KINGS COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 7) |

**Order Granting Motion for Remand**

Plaintiff Ramiro Ruiz is a state prisoner proceeding pro se in this civil action. On March 8, 2012, Defendant Enenmoh removed the action from Kings County Superior Court. 28 U.S.C. § 1441(a). Plaintiff filed a motion for remand on March 22, 2012, Defendant filed an opposition on April 4, 2012, and Plaintiff filed a reply on April 27, 2012. Local Rule 230(l).

**I.  Legal Standard**

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed against removal and Defendant bears the burden of establishing grounds for removal. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366 (2002) (citations omitted); Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012) (citation omitted); Fossen v. Blue Cross & Blue Shield of Montana, Inc., 660 F.3d

1

1102, 1107 (9th Cir. 2011) (citation omitted); Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citations omitted). Courts must consider whether federal jurisdiction exists, Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (quotation marks and citations omitted), and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance, Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quotation marks and citation omitted); Hunter, 582 F.3d at 1042 (citations omitted).

The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc., v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (quotation marks and citation omitted); Hunter, 582 F.3d at 1042 (citations omitted); Marin General Hosp. v. Modesto Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) (citations omitted); Hall, 476 F.3d at 687 (citation omitted). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. Caterpillar, Inc., 482 U.S. at 392 (quotation marks omitted); Hunter, 582 F.3d at 1042 (citation omitted); Hall, 476 F.3d at 687 (citation omitted).

**II.   Discussion**

In his complaint, Plaintiff alleges four claims for relief: medical negligence, corporal punishment, breach of mandatory duty, and violation of equal protection. (Doc. 2, Comp., court record pp. 9-13.) Plaintiff's complaint is devoid of mention of 42 U.S.C. § 1983, the United States Constitution, or any other federal basis for relief, and for each of the four claims, Plaintiff specifically refers to state law. Plaintiff argues as much in his motion for remand.

In opposition, Defendant argues that Plaintiff's motion for remand should be denied because three of his four claims fail to state a claim under state law and potentially state claims under section 1983 – namely, corporal punishment, breach of mandatory duty, and violation of equal protection. Defendant contends that the lack of reference to federal law is not controlling, because federal question jurisdiction attaches where the nature of the federal right is clear.

This action involves prison conditions of confinement and Plaintiff could have brought it under section 1983 for violation of his federal constitutional rights, but he elected not to do so.

1 Plaintiff specifically alleges he is bringing his corporal punishment and equal protection claims under the state constitution, and in support of his breach of mandatory duty claim, Plaintiff cites to state regulations, state penal code sections, and the state constitution.[1] (Id., ¶¶29, 34, 35, 38, 43.) As Defendant correctly notes, Plaintiff uses the phrase "under color of law" in reference to Defendant's actions. That is, however, insufficient to confer federal jurisdiction in light of Plaintiff's specific citations to state law and given the absence of any language referring to federal constitutional rights or section 1983.

Furthermore, the cases cited by Defendant do not support his position that federal question jurisdiction should attach in *this* case despite the absence of specific allegations. Both North American Phillips and Boarhead are out-of-circuit cases which are not binding on this Court. In any event, the former involved a case in which federal law preempted state law, North American Phillips Corp. v. Emery Air Freight, 579 F.2d 229, 233-34 (2d. Cir. 1978), and the latter involved a case in which the plaintiff specifically pled federal question jurisdiction under a federal statute, Boarhead Corp. v. Erickson, 923 F.2d 1011, 1017-18 (3rd Cir. 1991).

Defendant also cites to Magee v. Flores, No. 1:11-cv-01239-AWI-MJS (PC), 2012 WL 691755, at *2 (E.D.Cal. 2012) and Koklich v. California Dept. of Corr. and Rehab., No. 1:11-cv-01403-DLB PC, 2012 WL 653895, at *1 (E.D.Cal. 2012) in support of his position that Plaintiff should not be able to evade federal jurisdiction simply by omitting mention of federal bases for relief. Those cases, which are non-binding, did not involve complaints lacking specific allegations as to federal bases for relief. In Magee, the plaintiff specifically alleged violations of the Eighth and Fourteenth Amendments of the United States Constitution and in Koklich, the plaintiff specifically alleged claims pursuant to section 1983.[2]

Nor is this a case where the artful pleading doctrine – a very narrow exception to the well-pleaded complaint rule – is implicated; Plaintiff's claims are not governed exclusively by federal

---

[1] Negligence, or medical malpractice, is unquestionably a state law tort claim and Defendant does not argue otherwise.

[2] The Court takes judicial notice of the complaints in Magee v. Flores, et al. and Koklich v. Califoria Dept. Of Corr. and Rehab., et al. (Case number 1:11-cv-01239-AWI-MJS (PC), Doc. 1, Comp., court record p. 9, lns. 2-3; 1:11-cv-01403-DLB PC, Doc 1-1, Comp., court record p. 5.)

3

law, thereby permitting, or requiring, recharacterization as a federal claim. Hall v. North American Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (citations omitted); Redwood Theaters, Inc. v. Festival Enterprises, Inc., 908 F.2d 477, 479 (9th Cir. 1990) (citations omitted). Where a plaintiff can maintain claims under both federal and state law, he is entitled to rely exclusively on state law, ignoring the availability of relief under federal law. Caterpillar, Inc., 482 U.S. at 392; Hunter, 582 F.3d at 1042 (citations omitted); Hall, 476 F.3d at 687 (citation omitted); Duncan, 76 F.3d at 1485 (citations omitted); Redwood, Theatres, Inc., 908 F.2d at 479 (citations omitted). Plaintiff has done so here and he is entitled to remand.

### III.  Conclusion and Order

In conclusion, the Court finds that Plaintiff has exercised his right to rely exclusively on state law. The Court lacks subject matter jurisdiction over this action and it shall be remanded to Kings County Superior Court.

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for remand is GRANTED and this action is REMANDED to Kings County Superior Court for lack of subject matter jurisdiction; and

2. The Clerk of the Court shall serve a copy of this order on Kings County Superior Court.

IT IS SO ORDERED.

**Dated:   May 2, 2012**                           /s/ Sheila K. Oberto
                                                                         UNITED STATES MAGISTRATE JUDGE